IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY a/s/o CATFISH ENTERPRISES, INC. and CATFISH ENTERPRISES, INC., Plaintiffs,<br><br>vs.<br><br>VENTURA FOODS, LLC and SYSCO CORPORATION,<br><br>Defendants. | CASE NO:<br><br><br><br>**COMPLAINT**<br>**&**<br>**JURY DEMAND** |

Plaintiff Columbia Mutual Insurance Company, as subrogee of Catfish Enterprises, Inc., and Plaintiff Catfish Enterprises, Inc., for their Complaint against Defendants Ventura Foods, LLC and Sysco Corporation, states as follows:

## JURISIDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§ 1332, as Plaintiffs Columbia Mutual Insurance Company, as subrogee of Catfish Enterprises, Inc., and Catfish Enterprises, Inc., are citizens of different states, and are diverse parties from Defendants Ventura Foods, LLC and Sysco Corporation, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

2. Venue is proper in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C.§ 1391(a)(2), as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

3. Columbia Mutual Insurance Company ("COLUMBIA") is a Missouri corporation

licensed to write insurance in the State of Missouri, and engaged, in part, in the business of insuring properties in Missouri, with its principal place of business located in Columbia, Missouri.

4. Catfish Enterprises, Inc. ("CATFISH ENTERPRISES") is a Missouri corporation that conducts business at 834 SW Blue Parkway, Lee's Summit, Missouri 64063 as "Jumpin' Catfish Restaurant".

5. Ventura Foods, LLC ("VENTURA") is a Delaware limited liability company, which is engaged in the business of producing, manufacturing, processing and distributing various oils used in food preparation and packaging food products. VENTURA's principal place of business is located at 40 Pointe Drive, Brea, California.

6. Sysco Corporation ("SYSCO") is a Delaware corporation, which, through its subsidiaries and divisions, is engaged in the business of producing, manufacturing, processing and distributing food and related products, all either nationally branded merchandise or products branded under its own private brands, to the foodservice or food-away-from-home industry. SYSCO's principal place of business is located at 1390 Enclave Parkway, Houston, Texas.

**COMMON ALLEGATIONS**

7. At all times relevant, CATFISH ENTERPRISES was operating the Jumpin' Catfish Restaurant located at 834 SW Blue Parkway, Lee's Summit, Missouri 64063.

8. COLUMBIA is a bonafide subrogee of CATFISH ENTERPRISES pursuant to a policy of insurance issued by COLUMBIA, which provided various coverages and issued certain payments to CATFISH ENTERPRISES for damages caused by smoke and fire arising from a fire on March 5, 2017.

9. At all times relevant, VENTURA was doing business throughout the United States as a producer, manufacturer, processor, seller, and distributor of among other items, cooking oil products, including one or more cooking oils used to fry foods and sold, upon information and belief, under the names "Reliance Creamy Soybean Frying Shortening ZTF" and "Reliance Soybean/Cottonseed All Purpose Shortening".

10. At all times relevant, SYSCO was doing business throughout the United States, including Missouri, as a producer, seller and distributor of restaurant products, including products used to fry foods, including the products sold, upon information and belief, under the names "Reliance Creamy Soybean Frying Shortening ZTF" ("FRYING OIL") and "Reliance Soybean/Cottonseed All Purpose Shortening" ("FRYING SHORTENING").

11. Prior to March 5, 2017, CATFISH ENTERPRISES, doing business as Jumpin' Catfish, purchased from SYSCO, and had delivered by SYSCO, various products used to fry foods, including the FRYING OIL and FRYING SHORTENING. These products were used in the preparation of food at the Jumpin' Catfish Restaurant located at 834 SW Blue Parkway, Lee's Summit, Missouri 64063.

12. CATFISH ENTERPRISES performed regular maintenance and cleaning of its food preparation and cooking area and equipment, including frying equipment, which necessarily and foreseeably entailed use of cloth towels which would come into contact with and become saturated with FRYING OIL and FRYING SHORTENING.

13. CATFISH ENTERPRISES collected the soiled towels and laundered them on a regular basis in a washer and dryer located on the premises.

14. On or about March 4, 2017, one or more persons with CATFISH ENTERPRISES laundered some soiled towels.

3

15. The persons removed the towels from the dryer, folded the towels, and placed a stack of folded towels on a shelf within the Jumpin' Catfish Restaurant located at 834 SW Blue Parkway, Lee's Summit, Missouri 64063.

16. On or about March 5, 2017, a fire occurred at the Jumpin' Catfish Restaurant located at 834 SW Blue Parkway, Lee's Summit, Missouri 64063.

17. Spontaneous combustion of the laundered towels was determined to be the cause of the fire.

18. At both the time the towels were laundered, folded and placed on a shelf within the Jumpin' Catfish Restaurant, and at the time of the fire, persons with CATFISH ENTERPRISES were not aware of the risk of the spontaneous combustion or the need to warn consumers or users of the products or provide instructions for use concerning the risks of spontaneous combustion by using the FRYING OIL and the FRYING SHORTENING.

19. VENTURA and SYSCO, with their superior knowledge of the risk of harm in using the FRYING OIL and the FRYING SHORTENING, either knew or should have known of the spontaneous combustion phenomenon associated with their products, and the need to provide a warning to consumers and instructions for use, so that consumers of the FRYING OIL and FRYING SHORTENING would both appreciate the risk of harm and follow appropriate instructions on how to use the products safely to reduce and eliminate the risk of fire by spontaneous combustion.

20. The subject fire caused damage to the property of CATFISH ENTERPRISES, resulting in expenses related to, among other things, the damage and repair of the structure, replacement and cleaning of property, lost business, lost income, loss of use, contents in the building, and related expenses incurred by CATFISH ENTERPRISES.

## COUNT I – NEGLIGENCE – FAILURE TO WARN

21. COLUMBIA and CATFISH ENTERPRISES reallege paragraphs one through twenty of this Complaint as if fully set forth herein.

22. Upon information and belief, VENTURA produced, manufactured, processed, distributed and sold the FRYING OIL and the FRYING SHORTENING at issue through distributors to customers such as CATFISH ENTERPRISES.

23. VENTURA was in the business of producing, manufacturing, processing, distributing and selling the FRYING OIL and FRYING SHORTENING at issue.

24. SYSCO marketed, sold and distributed the FRYING OIL and the FRYING SHORTENING at issue to customers such as CATFISH ENTERPRISES doing business at Jumpin' Catfish Restaurant.

25. SYSCO was in the business of marketing, selling, and distributing the FRYING OIL and the FRYING SHORTENING at issue.

26. SYSCO labeled the FRYING OIL and the FRYING SHORTENING at issue as its own name branded products.

27. The foreseeable risks of harm posed by the FRYING OIL and the FRYING SHORTENING at issue could have been reduced or avoided if VENTURA and/or SYSCO had provided reasonable warnings and instructions for use, namely, placing a label on the products warning of the dangers associated with spontaneous combustion of recently laundered towels and providing written instructions to consumers of the product or on the products, describing how to safely handle towels that had come into contact with the FRYING OIL and the FRYING SHORTENING and otherwise safely use the products.

28. The omission of warnings on the products and failure to provide written instructions

5

for use to consumers of the products or on the products, rendered the FRYING OIL and the FRYING SHORTENING unreasonably dangerous to the consumer, and specifically, to CATFISH ENTERPRISES. The FRYING OIL and the FRYING SHORTENING were unreasonably dangerous to CATFISH ENTERPRISES at the time VENTURA and/or SYSCO sold and provided the FRYING OIL and the FRYING SHORTENING to CATFISH ENTERPRISES because those products lacked appropriate warnings and instructions for use.

29. The risk of harm of spontaneous combustion of laundered towels that had previously been used to wipe up FRYING OIL and/or FRYING SHORTENING that was to be addressed by the instructions and warnings was not obvious to, or generally known by, foreseeable product purchasers and users, including CATFISH ENTERPRISES.

30. The omission of adequate instructions for use for the FRYING OIL and the FRYING SHORTENING, to reduce or eliminate the risk of spontaneous combustion by using the products, was a proximate cause of the damages to CATFISH ENTERPRISES, which were paid for, in part, by COLUMBIA.

31. The omission of warnings for the FRYING OIL and the FRYING SHORTENING was a proximate cause of the damages to CATFISH ENTERPRISES, which were paid for, in part, by COLUMBIA.

32. Pursuant to the policy of insurance issued to CATFISH ENTERPRISES by COLUMBIA, COLUMBIA paid to, or on behalf of, CATFISH ENTERPRISES sums totaling at least Five Hundred Thirty-Nine Thousand One Hundred Ninety-Eight Dollars and Thirty Cents ($539,198.30) in relation to the damages caused by the fire.

33. By virtue of said payments and the terms of said policy of insurance, COLUMBIA is subrogated to all rights, remedies and causes of action accruing to CATFISH ENTERPRISES

against any and all parties responsible for the loss for the amount of their payment.

34. CATFISH ENTERPRISES incurred damages as a result of the acts and/or omissions of Defendants that were not covered by insurance, and is entitled to those damages, which include but are not limited to payment of its deductible and other damages as proven at trial.

**WHEREFORE**, Plaintiff Columbia Insurance Group, as subrogee of Catfish Enterprises, Inc., and Plaintiff Catfish Enterprises, Inc., request judgment be entered in their favor and against VENTURA and SYSCO in an amount totaling at least Five Hundred Thirty-Nine Thousand One Hundred Ninety-Eight Dollars and Thirty Cents ($539,198.30), plus the additional damages incurred by CATFISH ENTERPRISES, plus costs, and for such other and further relief that this Court deems just.

## COUNT II – STRICT PRODUCT LIABILTY

35. COLUMBIA and CATFISH ENTERPRISES reallege paragraphs one through thirty-four of this Complaint as if fully set forth herein.

36. VENTURA and SYSCO, individually and/or collectively, formulated, processed, manufactured, prepared, sold and distributed the FRYING OIL and FRYING SHORTENING which was defective and unreasonably dangerous to persons and entities in the position of CATFISH ENTERPRISES when using the FRYING OIL and FRYING SHORTENING in the ways and for the purposes that the FRYING OIL and FRYING SHORTENING had been designed, intended and/or reasonably foreseen by VENTURA FOODS, LLC and SYSCO, and the defects of the FRYING OIL and the FRYING SHORTENING were a proximate cause of the damages sustained by CATFISH ENTERPRISES and COLUMBIA.

37. The FRYING OIL and the FRYING SHORTENING that was formulated, processed, manufactured, prepared, sold and distributed by VENTURA and SYSCO to CATFISH

ENTERPRISES were each defective in that they each lacked sufficient warnings which made the products unreasonably dangerous to persons and entities in the position of CATFISH ENTERPRISES using the FRYING OIL and FRYING SHORTENING in the ways and for the purposes the FRYING OIL and FRYING SHORTENING had been designed, intended and/or reasonably foreseen by VENTURA and SYSCO, and the defects of the FRYING OIL and THE FRYING SHORTENING were a proximate cause of the damages sustained by CATFISH ENTERPRISES and COLUMBIA.

38. The FRYING OIL and the FRYING SHORTENING that was formulated, processed, manufactured, prepared, sold and distributed by VENTURA and SYSCO to CATFISH ENTERPRISES were each defective in that they lacked adequate instructions for use which made the products unreasonably dangerous to persons and entities in the position of CATFISH ENTERPRISES using the FRYING OIL and FRYING SHORTENING in the way it had been designed, intended and/or reasonably foreseen by VENTURA and SYSCO, and the defects of the FRYING OIL and the FRYING SHORTENING were a proximate cause of the damages sustained by CATFISH ENTERPRISES and COLUMBIA.

39. The FRYING OIL and the FRYING SHORTENING were in the defective conditions described above when it left the possession of VENTURA.

40. The FRYING OIL and the FRYING SHORTENING were in the defective conditions described above when it left the possession of SYSCO.

41. CATFISH ENTERPRISES did not misuse either the FRYING OIL or the FRYING SHORTENING.

42. The defective conditions of the FRYING OIL and the FRYING SHORTENING, as set forth herein, was the direct and proximate cause of the damages sustained by CATFISH

ENTERPRISES and COLUMBIA as alleged herein, and VENTURA and SYSCO are strictly liable to CATFISH ENTERPRISES and COLUMBIA for their damages.

**WHEREFORE**, Plaintiff Columbia Insurance Group, as subrogee of Catfish Enterprises, Inc., and Plaintiff Catfish Enterprises, Inc., request judgment be entered in their favor and against VENTURA and SYSCO in an amount totaling at least Five Hundred Thirty-Nine Thousand One Hundred Ninety-Eight Dollars and Thirty Cents ($539,198.30), plus the additional damages incurred by CATFISH ENTERPRISES, plus costs, and for such other and further relief that this Court deems just.

### JURY DEMAND – DESIGNATION OF PLACE OF TRIAL

Plaintiffs respectfully demand a trial by jury. Plaintiffs designate Kansas City, Missouri as the place for trial.

**DATED** this 28th day of February, 2022.

        COLUMBIA MUTUAL INSURANCE COMPANY, AS SUBROGEE OF CATFISH ENTERPRISES, INC., AND CATFISH ENTERPRISES, INC., Plaintiffs

By: /s/ Matthew D. Hammes
For: LOCHER PAVELKA DOSTAL
BRADDY & HAMMES, LLC
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
Phone: 402-898-7000; Facsimile: 402-898-7130
Matthew D. Hammes, NE Bar #21484
mhammes@lpdbhlaw.com

*Pending Admission Pro Hac Vice*

And

By: /s/ Brad C. Letterman
For: SCHREIMANN, RACKERS, & FRACKA, LLC
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
Phone: 573-634-7580; Facsimile: 573-635-6034
Brad C. Letterman, MO Bar #52818
bcl@srfblaw.com